Railway Co. v. Jewell County.

No. 24,933.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*,
v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
JEWELL and MRS. J. B. DRESSLAR, as County Treasurer, etc.,
*Appellants*.

SYLLABUS BY THE COURT.

TAXATION—*Limitation of Tax Levy for Bridge and Culvert Purposes.* Under
R. S. 68-1102, the board of county commissioners is restricted to a levy of one
and one-half mills on each dollar of taxable property for all bridge and
culvert purposes, including repair, new construction, and contingent fund,
except when, after a vote, the county operates under the county road unit
system.

Appeal from Jewell district court; WILLIAM R. MITCHELL, judge. Opinion
filed May 10, 1924. Affirmed.

*D. M. McCarthy*, county attorney, for the appellants.

*William R. Smith, Owen J. Wood, Alfred A. Scott*, all of Topeka, and
*Charles L. Hunt*, of Concordia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover taxes illegally levied and
involuntarily paid. Plaintiff recovered, and defendants appeal.

The statute provides for making up the county bridge fund
budget, consisting of an estimate for repair of bridges and culverts,
an estimate for construction of new bridges and culverts, and a con-
tingent fund to be used as unforeseen circumstances may render
necessary. The contingent fund is ascertained by adding twenty
per cent to the estimate for construction and repair. If, however,
there should remain an unexpended balance in the contingent fund,
only such sum is to be added as will keep the fund at twenty per
cent of the estimated cost of construction and repair. The board of
county commissioners is authorized to levy not more than one and
one-half mills on the dollar on all taxable property in the county,
for construction and repair of bridges and culverts. (R. S. 68-1102.)
In this instance, the county board made a levy in excess of the one
and one-half mills, for the contingent bridge fund.

The statute was enacted in 1919, and is an amendment of section
2 of chapter 80 of the Laws of 1917. The county board stresses
differences between the old law and the new, and argues that the
changes made take the contingent fund out of the limitation upon

the total levy permissible for bridge and culvert construction and repair. It is not necessary to exhibit the changes here. The court has considered them, and concludes the budget for bridge and culvert construction, for bridge and culvert repair, and for contingencies, must not entail a total levy of more than one and one-half mills, except when, after a vote, the county operates under the county road unit system.

In the case of *The State, ex rel., v. Linn County*, 113 Kan. 203, 213 Pac. 1062, the court considered the fund available to carry out certain bridge contracts, and said it was not necessary to diminish 'the fund in order to create. or preserve a contingent fund. The court, however, did not decide, or even intimate, that the statutory limit of one and one-half mills might be transgressed in order to create or preserve a contingent fund.

The judgment of the district court is affirmed.